That case on the call is number 5-13-599. Henry, the Matter of the Estate of Carlen. Counselor, will you proceed? Yes, Your Honor. May I please record to Mr. Spassky? Could I ask one question before we get started? Certainly. Is this action against an executor or a person? This case involves, within the estate of Walter Carlen, two parties, First State Bank of Beecher City and David Carlen as executor. As executor, not as an individual. That's correct. At least that's my view of it, and we've proceeded that way throughout. The court is doubtless aware that this case started as a single issue case, that being whether the trial court properly reopened the estate of Walter Carlen based upon the allegation and the petition that there was an unsettled portion of the estate to with an unsatisfied judgment in the estate in favor of the First State Bank of Beecher City. We filed a motion to vacate that order, which was entered without notice. Subsequently, the bank filed a motion to revive the subject judgment, which had been entered in that case. Subsequently, there was a hearing on the motion to vacate the reopening of the estate. That was denied. Subsequently, there was a hearing on the motion to revive the judgment, which was granted, and we subsequently filed a notice of appeal from basically everyone. So in other words, the revival of judgment was after the estate was reopened? That's correct. Although it had been revived on, I think, two occasions. But it had lapsed at that time, had it not? At the time the estate was opened is the question. At the time the estate was reopened, I am not sure that it had expired at that point or not. It might not have expired. Okay. It might not have. But in any event, it was revived. Certainly by now it's expired. In any event, it started with that single issue. The bank's response brief raised the issue as to whether the notice of appeal was timely. They claimed that, pursuant to Supreme Court Rule 304B1, that since this was an estate, the notice of appeal should have been filed within 30 days of the date upon which the court denied the motion to vacate the order of reopening the estate. We, of course, disagree with that. I would like to begin my remarks with regard to the 304B1 issue, because I'm sure the court might be interested in my views as to whether this court has jurisdiction to hear this appeal. I think that the court does, and the reasons are threefold. Speak up a little bit. I'm sorry. The reasons are threefold. The first reason is that it's our position that the order reopening the estate was a void order. More about that later. And we base that upon the Krantz case and the Bellotti case that are cited in the materials, both of which stand for the proposition that in order for an estate to be reopened, there must exist one of two conditions. Number one, newly discovered evidence, or number two, an unsettled portion of the estate. The Krantz case says that that's a jurisdictional matter. The Bellotti case says that if those preconditions aren't met and the estate is reopened, the order of reopening the estate is void, and any orders entered subsequently are also void. The importance of that with regard to the jurisdiction issue is that the case law, when we cited the Epple versus McNeil case, is to the effect that the court may address and decide an issue relating to the voidness of a prior order, even if the notice of appeal is filed untimely. And the language in that case is much broader than that. The law seems to be that the court can address the voidness of an order at any time in any kind of proceeding whatsoever. So number one, we say that because the order of reopening the estate was void, there's no possible way that our notice of appeal could have been late, and there's no possible way that this court does not have jurisdiction. We, in the brief, have two other reasons, although I think the voidness is the primary one, why 304B1 does not prevent this court from having jurisdiction. The first is that the record shows that the executor, Carlin, never objected to the appointment of himself as executor. He objected only to the reopening of the estate. 304B1 applies when there is an order which finally determines the right or status of a party. The mere reopening of the estate doesn't determine the right or status of anyone. Admittedly, the appointment of an executor does that, and that's the argument of the bank. We haven't appealed that. We made no issue as to whether Carlin was the one that should have been appointed or somebody else. Now, he was released, wasn't he? Discharged? He was discharged. Okay, and was he ever reappointed? He was discharged in 2007 when the estate was closed with, by the way, a finding that there aren't any assets and without objection by the bank. More about that later, too. In any event, he was the previous executor and he was reappointed. So he was reappointed. Yes. Then the third reason that we believe 304B1 doesn't apply is that we took a look at Supreme Court Rule 366B1, lowercase i, which says that any error of law affecting the judgment or order appealed from may be reviewed. In this case, in addition to appealing from the order denying a motion to vacate the order reopening the estate, we've appealed from the order reviving the judgment. Clearly, the order reopening the estate affected the order reviving the judgment. In fact, the record shows that when the hearing was held on the motion to revive the judgment that I was present and that I made a record that we objected to the motion to revive the judgment on the basis that the estate should not have been reopened so that we preserved that issue at that time. In any event, for those three reasons, we believe this court does have jurisdiction and that the provisions of Supreme Court Rule 304B1 do not preclude this court from exercising jurisdiction as to the substantive issue in this case, which is this, simply put, is an unsatisfied judgment and unsettled portion of the estate within the purview of Section 24-9 of the Probate Act. And we say no. Why do we say no? The first reason that we say no is that we believe that the context of the entire Probate Act, first of all, shows that the word estate or portion of the estate, as it's mentioned in 24-9, means property. Our first reason for so contending is that we took a look at other sections of the Probate Act. The rule of construction, obviously, being that all the sections of the same Act should be given the same instruction with regard to a word that's repetitive throughout the statute. For example, and this is in the brief, in Section 2-1, which is the intestacy portion, in other words, to whom does the estate go when there is not a will, the word estate is used in conjunction with the following, quote, real and personal estate, end quote. That means property. Estate is property. In Section 14-1, talking about inventory, again, we find the phrase, quote, real and personal estate, end quote. That is the property which the representative of the state is required to set forth in the inventory. Estate equals property. In Section 12-5, which deals with the bond, the statute provides that the bond must be in double the amount of the double the value of the, quote, personal estate. Once again, estate is used in a way which is synonymous with property. In Section 24-1, which talks about the personal representative's duty to account, once again, the accounting is to be of, quote, real and personal estate in the hands, end quote, of the personal representative. So all through this, and one more, Section 28-10, which is the independent estate statute pertaining to distribution of the estate, uses the word that the distribution is to be of, quote, the estate, end quote, once again, meaning property. Now, in order to juxtapose the estate, which is property, assets, the conglomeration of thereof, in order to juxtapose that or compare it to a liability, which the bank claims counts as an unsettled portion of the estate, we should look at Article 18 of the Probate Act, which is called, its title, Claims Against the Estate, end quote. And there's a lot of statute about how those are dealt with, but just the mere title shows us that a claim being something that's against the estate cannot logically, or in the law, be part of the estate. It's not property. It's something else. So we conclude, and we contend from that analysis of the language of the Probate Act, that the word unsettled portion of the estate, as they appear in Section 24-9, being one of the two ways that the court can base justified re-opening of the estate, that means property. What if some money had been, or farm equipment, let's say, had been sold after closure of the estate? Do you believe the estate could be re-opened to put that money in? That would be a newly discovered asset. So it's a newly discovered asset. You believe then the bank could come in and move to open the estate? Let's say that the executor didn't do it, but the bank could, couldn't it? If you sold some farm equipment that had been left out, off the inventory? If I understand the question properly, correct me if I'm wrong, the court is piloting the situation in which the estate had been closed, and later on it's discovered that there's something that wasn't administered to the estate, like farm equipment or such. Number one, I think it's clear that that would be a newly discovered asset, which would justify re-opening the estate. And the bank could do that, if the executor didn't. Yeah, I think the bank could do that. Well, I think in this case, are we talking about FS stock? Where is that stock? I don't understand that. Was that in the estate? Was there a lien on that stock by the bank in that judgment? Yes, in effect there was. The estate first filed an estate claim, obtained an order that their estate claim was valid, and then for some reason, which I understand, created a judgment based on the allowed estate claim. So that was there. The bank was the only creditor who had filed any kind of timely claim against the estate. So it's my understanding that the FS stock... No, before it closed. Yeah, before it closed. And any other assets that were in the estate went to the bank before the estate was closed. Including the stock? I think so. But what was confusing to me is when did the farm machinery proceeds get paid? It was before the estate was closed. So they were sold and paid before the estate was closed. It had to be. And the reason I say that, I'm not meaning to dodge the question, is that in the order which closed the estate in 2007, it said forth that there are no remaining assets in the estate, that certain property went to the bank, and that there was nothing left to be distributed to the heirs. Okay, that's where I'm stuck. I assume from that it was all done before the estate... I'm stuck with the fact that somebody had shared stock. They were valueless? Well... Because I understand later, the stock went for so many dollars to pay off against the loan. Before the estate was closed. But I mean, where was the stock and what was it worth? Was it worth anything or was that why it was valueless? I don't know the answer to that. I wasn't involved in this estate back then, and I didn't think that would be pertinent to the issues in this appeal, so I can't answer the question. But I do know that the assets that were known were distributed to the bank because the bank was the only creditor. So they got off the farm equipment and whatever there was? I believe that's correct. Was there probably liens on the farm equipment? Well, they had an unallowed estate claim, which would give them the right to take many assets of the estate in order to satisfy their claim. Just the bank? Yes. That's why I keep wondering where the stock was. I don't understand it. Well, I'm afraid I can't answer that. I don't know where it was. But apparently the bank gave... it's alleged that they paid $425 from some stock. I don't know the answer to that, Judge. Perhaps counsel can help with that. I don't know. In any event, we believe that the rule of construction and the use of the word estate in other places in the Probate Act supports our contention that unsettled portion of the estate within 24-9 means property and it does not mean unsatisfied judgment. That's not enough to justify reopening the estate. Mr. Meyer, would you agree that if the court had no jurisdiction under this case to enter the order, that the result would be the same that you're asking for? In other words, it couldn't revive the judgment? That's correct. And I'm asking that not only the order... You're asking under 24-9. You're not asking under the void order provision. I am asking this court to find that the order reopening the estate was void. Oh, you are? Yes. And therefore, any order that's entered subsequent to the order reopening the estate is also void, including the order of revival of the judgment, and my authority for that is the Blatty case that's cited in the brief. Okay, so I misunderstood. You are asking for the original order to be declared void for lack of jurisdiction? Yes. Okay, thank you very much. And that was the basis of our motion to vacate that. Okay, I misunderstood. Thank you. Additionally, besides the statutory construction that I just went through, there's a case called Estate of Rudder, the second district case in 1979, which was cited in our brief. In that case, there is a definition of estate, which is, quote, all interest in property real and personal to which the deceased may be entitled, end quote. Unfortunately, there's no definition of the word estate contained in the probate act. Is this a matter of first impression? As far as I know, Your Honor, I have searched and have found no case where an estate was requested that an estate be reopened to deal with an unsatisfied judgment or an unpaid claim. I don't think there's any such case anywhere in the state. So, yes, I think it is, in that sense, a case of first impression. Well, the bank had the opportunity to file an independent action, right? They didn't have to file or seek a judgment in the estate. I think that is absolutely correct. I don't understand why the bank would have taken a judgment as part of the estate, as they should have known that the ways to reopen an estate are limited by the language of 24-9. If the bank had taken a judgment by filing a separate lawsuit against the estate and obtaining a judgment that way, this problem wouldn't exist. There would be no question that they could revive and revive. That's correct. But, unfortunately for the bank, in my view, they chose to give this judgment as part of the estate. They let the estate be closed without objection. And here we are, 14 years after the judgment was entered, and seven years after the estate was closed, trying to reopen the estate to collect this judgment. You'll have time in rebuttal for the rest of your hearing. Thank you, Your Honor. Counsel. Am I missing something, or am I reading something into somewhere? I read it someplace else. What about the sheriff? Were there sheriffs with a lien on them? I'm not really sure if I can answer that question. As the court is aware, this case is very long and extensive, and there's actually been several. This has been in front of the court before in this estate. There's been several other cases that relate to the same. I think there was a foreclosure case and also a legal impractice case all involving the estate. Is this correct that the decedent had shares of stock in Farm FS or not? I believe he did at one point, or that was a part of it. I know there was a judicial lien imposed in 2000 because there was property within the estate transferred out fraudulently. And so that was imposed at that point, and it was no longer within the estate at that point. But I don't know that I can answer your question regarding that stock now. So at what stage are you coming in? I'm sorry, Your Honor? What stage of the proceedings are you coming in? The reopening? At the reopening of the estate, yes. And you represent the bank? That is correct. I represent the Petitioner at the First State Bank of Beecher City. So are you the 2013 lawyer that sought to reopen? I was in the firm at that time. That was Mr. Austin who came in and filed the petition to reopen the estate at that time. You're not with that firm anymore? I am still. That is the same firm that represents the Petitioner now. Okay, so you can talk to us about revival of the judgment? Correct. Okay. Now, what do you think about this argument that the unsettled portion of the estate would be equivalent to a debt? How does that work? How do you put up a bond for a debt? Well, I think the bond—I mean, what I would point the court to, and it's a case I've cited, although I did not cite it for this court, is in Ray Savio, and that's from the famous line of the Drew Pearson pieces. And in Ray Savio, the court was asked there to determine whether or not a wrongful death action was a newly discovered asset for the basis of reopening the estate. The court says it was. However, the court points out, and they review the wrongful death statute, and they say that a wrongful death statute does not belong to the estate because otherwise creditors would be able to get it. But they say it's still considered an asset of the estate, even though it's not part of the estate. And so even there, they construe Section 24.9 as something other than just property of the estate. They say it can also be the survivor's and beneficiary's cause of action for wrongful death. And we also know under the wrongful death statute that a decedent, two decedents, the personal representatives of the decedent, can sue the other decedent's estate wrongful death. And a special administrator can be appointed to defend that action with that wrongful death as well. So in that case, you actually could have a newly discovered asset that would be a liability of the cause of action having to defend against the wrongful death action. So there's nothing, there's been no authority submitted to say that an unsatisfied judgment could not be an unsettled portion of the estate. There's no authority that says that there has to be such a narrow holding on regard to what the estate is compromised. There's no authority that says it only has to be property. And we know that. If you look at it in DeSabio, that a wrongful death there, when we're looking at the word asset, also could be a liability there. What would be the reason to open the estate to revive the judgment? Do you think there's more assets there? I mean, the court had closed it way back in 07, I think. That is true. So why would the bank all of a sudden in 2013 decide, oh, we're going to revive this judgment? Again, there is a judgment. It's still there. It's possibly enforceable. And that's where, at this, I don't want to, because I think it gets outside of the scope of what, and I'm not trying not to answer your question, but it gets outside the scope of the pertinent issue in this case. But I think a lot of it has to do with the judicial lien and the property being transferred. So you think there's an asset, obviously. Or potentially. Potentially for supplementary proceeding purposes. That's why you have to be able to go with your judgment that you still have. But can't you do that outside the estate? Not if your judgment exists within the estate. Oh, I understand. But you have the option. Right, but the judgment actually exists inside the estate. In this case, it does, yes. And I don't know that there's any authority that says you can't do that. No. And I don't think there's any authority that says you have to do it the other way or that that's the normal course of action to do it the other way. But now if you allow the courts to close an estate saying there's nothing left. Right. Then every seven years we're going to allow a creditor, or maybe two or maybe three, to come in and start reviving judgments. Where's the finality in that? Well, I would say if there is a judgment, it does expire at some point. But I don't think a creditor should be punished because they haven't been able to collect on their judgment until a later time down the road. Well, my question is where's the asset? Right. You have to go after an asset. Is that correct? So you missed. Nothing was made. A judgment is probably a good claim. But you're claiming there's nothing in the estate. Now, where is the asset? You're going against what was disbursed, if there was something disbursed? Again, I think when the estate was closed in 07. And you weren't in there. You're not involved. Wasn't involved. But I think in the closing it says no assets appear to exist. You had so many days to file a complaint, a claim against the estate. Exactly. Didn't do it. You had to. Because at that point in time, it was a good judgment. It didn't even have to revive it, did you, at that time? At what time, Your Honor? When it was open for claims. No, because at that time we had gotten a judgment. Okay, but that was not claimed against the estate. Yeah, it was. Yeah, there was a judgment against the estate. I understand that, but there was no claim against it filed. Yeah, there was. Oh, you did file that claim? Yeah, there's no asset. Okay, I missed that point. I'm still having trouble wrapping my head around a wrongful death claim being a liability to an estate. I think that's a real stretch. But I can see it as an unsettled portion. Yeah, that's what an unsettled portion means. Because it's going to be property if you win. Yeah, that would be an asset, but he's saying it's a liability as well. I think that's a stretch. And that's how he's saying that you can get a death considered as an unsettled portion. The reason I bring that up is to say there is no authority to give such a narrow construction to Section 24-9. Well, except the authority you've given us is another example of an asset, not a liability. I'm saying it can be a liability because the wrongful death statute allows you to reopen an estate. But that's to gather another asset potentially. Right, but as I said, you can also sue a – two decedents can sue one another as well. Yeah, but that's to divvy up the potential asset. That's still – I mean to say that that's for a debt is a real stretch. I'm not buying that. I'm not sure what – Well, they could sue each other for the potential asset that they derive from the wrongful death. That's right, but with the estate that is getting reopened, it's a liability to that estate if it gets – if the other decedent prevails on the wrongful death. And that's a liability to the estate, whether it's fulfilled by insurance proceeds or any of the other assets by the estate. You certainly have the ability to reopen the estate in that situation. But I don't even think we even get to that point. I don't even think we get to the statutory construction argument because I believe in this case under 304B1 the court does not have any jurisdiction to hear this. I will – I want to address the void part. I would point out there is a difference, and I don't think I made a very good job of this in my brief describing this, but there is a difference between a void and avoidable judgment. A void judgment is one where the court lacks subject matter jurisdiction, personal jurisdiction, or there's some type of use in the due process. You can't attack that at any time. A voidable judgment is one where it's a stake in law or fact, and that can be attacked directly, but you can't attack it indirectly or collaterally. That's what's happening here, and that's what we have here is a voidable judgment. And the two cases this court needs to analyze in that regard and kind of what it discussed are estate of Kuntz and Belotti. Now, estate of Kuntz was decided back in 1968. It was under the prior Probate Act, and that uses jurisdictional language when it says if you've improperly opened an estate. But in that case, nobody came under the Probate Act to reopen the estate. Nobody even came under the Civil Practice Act of 1401 to reopen the estate. They do use jurisdictional language, although they don't call it a void judgment. What I think is controlling, though, in this case is the Belotti case. I apologize to the court. I use the estate of Belotti in my brief. I think counsel uses Belotti v. Bruno. They are the same case. That case was actually confirmed by the Supreme Court the next year. Belotti does not use jurisdictional language. In fact, it says it's only a conditional precedent that you have to allege these things. So since it's not a jurisdictional issue, it cannot be a void judgment. It would merely be a voidable judgment. As such, 304b1 would still keep this from being heard by the court because it was more than – when the notice of appeal was finally filed when attacking the motion – when attacking the hearing decision that said the estate – attacking the order that became the opening of the estate. Can I ask you something? Since a judgment needs to be revived every seven years, how long can this – how long do you contend that this could – this practice then could continue? I believe under the statute I think there's a – I think it's a 20-year look-back when it's finally exhausted on the judgment. So three times the estate could be reopened for you to revive the judgment? Yes. And there's no case law that you're aware of that this has ever been up on appeal before? There's no case law that says – exactly. We can only do what the statute tells us to do. When you're looking at the revival statute, it tells you you have to file in the original action. And there's absolutely no authority that says you can't file in the original action just because it's an estate claim. I was just asking if there was a case similar to this where it was filed in the estate. Not that I'm aware of. And the only case that I am close to saying that 24-9, the Probate Act, does not construe this as just property, as the appellant is arguing, is that Mary Savio case. Savio, which has to do with the wrongful death. That's correct. Thank you. If the Court does not have any more questions, I will. Rebo? Rebo? Just a couple of points before, please. The counsel mentioned the Lottie case and claims that that case stands for the proposition that the order reopening the estate improperly is voidable but not void, but unfortunately for him, the case says void, V-O-I-D, period. That's what that case stands for. So if the judgment is void, the appeal is timely, I mean, the order. Secondly, Judge Cates, I think, alluded to the matter of the bond statute, which I didn't get to previously. In 24-9, there is a requirement that once the estate is opened, a new bond be provided to cover the value of the newly discovered asset or the unsettled portion of the estate. Therefore, unsettled portion of the estate must have value, therefore it must be property. To find otherwise would make that portion of the statute superfluous, which is contrary to the rule of construction that we've pointed out and given authority for in our brief. We ask the Court to reverse, to find that the order reopening the estate and the order reviving the judgment are both void. Thank you. Thank you, counsel.